UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDIDO ORTIZ-MARTINEZ, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV208 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| and $26,974.00 IN U.S. CURRENCY, ) | |
| and $40,000.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion to Dismiss Claimant's Motion to Set Aside Forfeiture, filed September 7, 2011. (ECF No. 18). The motion is fully briefed and ready for disposition.

## BACKGROUND

On September 20, 1991, Plaintiff was found guilty of the following four offenses: (1) conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine; (2) distributing cocaine in violation of Title 21, United States Code, § 841; (3) using and carrying a firearm during a drug trafficking crime on October 7, 1989, in violation of Title 18, United States Code, § 924(c); and (4) using and carrying a firearm during a drug trafficking crime on February 13, 1990, in violation of Title 18, United States Code, § 924(c). On December 12, 1991, Plaintiff was sentenced to 592 months imprisonment, followed by five years supervised release.

On January 27, 2011, Plaintiff filed a Notice of Claim for Return of Property Seized. (ECF No. 1). Specifically, Plaintiff alleged that on October 27, 1989, the St. Louis police detained him at the

St. Louis airport, and unlawfully seized $26,974.00 in cash. (Id., P. 1).[1] On March 28, 2011, Plaintiff filed an amended Notice of Claim, in which he further alleged that on November 24, 1989, the Metropolitan Police Department-City of St. Louis illegally seized $40,000.00 in cash from a residence at 4130 San Francisco.[2] (ECF No. 9). Plaintiff asserts the U.S. Drug Enforcement Administration ("DEA") failed to provide adequate notice of the currency forfeitures. (Id., P. 2). He therefore requests that the Court issue an order for the return of his property.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly,

---

[1] The Government provides evidence that the seizure at issue actually occurred on October 19, 1989. (See Defendant's Motion to Dismiss, att. Exh. 1).

[2] Plaintiff provides no evidence that the amount of currency seized in November, 1989, was $40,000.00. By way of contrast, the Government provides evidence the amount seized was only $2,000.00. (See Defendant's Motion to Dismiss, att. Exhs. 2, 5, 6).

550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

"Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (citations omitted).[3] In this case, the Clerk of Court filed Plaintiff's motion as a Complaint in a civil action, with a new case number.

A civil forfeiture may be set aside for lack of notice under certain conditions:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

See 18 U.S.C. § 983(e)(1). If the Court grants the motion to set aside a declaration of forfeiture, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A). A motion to set aside a declaration of

---

[3] This Court has no jurisdiction to review the merits of the administrative forfeiture itself, but may review only the adequacy of the notice given to Plaintiff. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).

forfeiture must be filed, however, "not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3).[4]

Upon consideration, the Court finds Plaintiff's claim for return of seized property fails, for two reasons. First, under the terms of the statute itself, a motion to set aside a declaration of forfeiture for failure to provide proper notice will be granted only when the Government, "knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." 18 U.S.C. § 983(e)(1)(A). With its Motion to Dismiss the Government provides evidence that the DEA sent a Notice of Seizure letter to Plaintiff on November 15, 1989, notifying him of the seizure of the $26,974.00, and explaining the processes for contesting and requesting remission of the forfeiture. (Defendant's Motion to Dismiss, att. Exh. 1). The letter further informed Plaintiff that notice of the seizure would be published in the *USA Today* newspaper once a week for three weeks beginning November 29, 1989, and that Plaintiff's claim of ownership must be filed within twenty days of that date. (Id.). The Government further provides evidence that the DEA sent a Notice of Seizure letter to Plaintiff on December 26, 1989, notifying him of the seizure of the $2,000.00, and providing the same information regarding processes for contesting and requesting remission of the forfeiture. (Id., att. Exh. 2). The December 26, 1989, letter informed Plaintiff that notice of the seizure would be published in the *USA Today* newspaper once a week for three weeks beginning January 3, 1990, and that Plaintiff's claim of ownership must be filed within twenty days of that date. (Id.). Finally, on January 4, 1990, the DEA filed a Declaration of Forfeiture, stating as follows:

> The above-described property [$26,974.00 U.S. currency] has been seized by agents of the Drug Enforcement Administration pursuant to 21 U.S.C. 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 USC 1607, notice of the seizure

---

[4] 18 U.S.C. § 983(e)(3)'s limitation applies to administrative forfeiture proceedings begun after August 23, 2000, regardless of when the actual forfeiture occurred. See United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004), cert. denied, 543 U.S. 1094 (2005).

has been published and no claim has been filed for the property within 20 days from the date of the first publication of the advertisement. THEREFORE, it is hereby declared that such property is forfeited to the United States pursuant to 19 USC 1609.

(Defendant's Motion to Dismiss, att. Exh. 3).[5] Under these circumstances, the Court finds the Government took reasonable steps to provide Plaintiff, a person with interest in the property, with notice of the pending forfeiture.

Second, the Court finds Plaintiff's claims fail under the applicable statute of limitations. As noted above, a motion to set aside forfeiture must be filed no later than five years after the date of the final publication of the notice of seizure. 18 U.S.C. § 983(e)(3). See also Barton v. United States, 2005 WL 1463476 at *3 (E.D. Mo. Jun. 20, 2005). The final publication of the notice of seizure for the $26,974.00 was December 13, 1989, and the final publication for the $2,000.00 was January 17, 1990. Plaintiff's motions to set aside forfeiture therefore were due by December 13, 1994, and January 17, 1995, respectively. The instant action was not filed until January 27, 2011, more than sixteen years after the above deadlines. Plaintiff's claims thus are time-barred and must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss Claimant's Motion to Set Aside Forfeiture (ECF No. 18) is **GRANTED**, and Plaintiff's claims are **DENIED**.

---

[5] A similar Declaration of Forfeiture was filed on February 7, 1990, with regard to the $2,000.00 seized by the DEA. (Defendant's Motion to Dismiss, att. Exh. 4).

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, with no further action to take place herein. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this  16th  day of November, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE